UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| TIA GRIFFIN, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | No. CV-10-419-LRS |
| | ) | |
| vs. | ) | **ORDER OF DISMISSAL** |
| | ) | |
| SPOKANE PUBLIC SCHOOL | ) | |
| DISTRICT NO. 81, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Pursuant to the court's January 18, 2011 "Order Directing Filing Of Amended Complaint" (Ct. Rec. 5), Plaintiff has filed a First Amended Complaint (Ct. Rec. 6). At 44 pages in length, it exceeds by 20 pages the allegations in Plaintiff's original Complaint (Ct. Rec. 4).[1] The First Amended Complaint, like the original Complaint, is presented in a narrative fashion and, contrary to the court's directive, again quotes the full text of certain e-mails sent to school officials. The First Amended Complaint also does not meet the requirements of Fed. R. Civ. P. 8(a). It does not contain "a **short and plain** statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2)(emphasis

_____

[1]The original Complaint (Ct. Rec. 4) is 72 pages in length, although the first 24 pages contain all of the Plaintiff's allegations and thereafter, Plaintiff twice repeats the identical allegations in the following 48 pages.

**ORDER OF DISMISSAL-      1**

added).   The First Amended Complaint is neither "short and plain," nor does it show the Plaintiff is entitled to any relief.

In its "Order Directing Filing Of Amended Complaint," the court specifically advised Plaintiff that a school district cannot be held vicariously liable under 42 U.S.C. Section 2000d (Title VI) for a student's or an employee's conduct.  Plaintiff's First Amended Complaint makes clear, however, that she is pursuing her Title VI claim against the Defendant school district on the basis of vicarious liability.  (See Paragraphs 65-66, 94-95, 130-131, 166-167 and 199).  Indeed in Paragraph 199 of her First Amended Complaint, Plaintiff asserts: "The employer in this case, The Spokane Public School District 81, is vicariously liable for action of it's [sic] workers."  Plaintiff does not allege the school district had actual knowledge of alleged discrimination by school district employees and students, and acted with deliberate indifference to alleged discriminatory acts.  *Gebser v. Lago Vista Independent School Dist.*, 524 U.S. 274, 290, 118 S.Ct. 1989 (1998).  Indeed, the First Amended Complaint indicates two instances which are directly to the contrary:   Paragraph 17 (female district staff member advised that a teacher did not have approval to use a certain book in her class which Plaintiff alleges is racially discriminatory); Paragraph 160 (teacher reprimanded by principal for incident where two boys in class called Plaintiff's daughter racially derogatory names). The mere fact individuals are employed by the school district or attend schools within the district does not make the school district liable for any discriminatory acts committed by those individuals.  Vicarious liability is not a cognizable legal theory under Title VI.  Furthermore, even more fundamentally, a reasonable inference of racial discrimination cannot be drawn from the allegations in Plaintiff's First Amended Complaint.  Plaintiff's allegations of racial discrimination simply do not rise above being merely speculative in nature (i.e., alleged verbal abuse of son by Mr. Miethes at Paragraphs 67-95; allegations concerning conduct of Mr. Rypien at pp. 16-20 which even Plaintiff concedes at

**ORDER OF DISMISSAL-**        **2**

best "appears" to be discrimination (p. 18)).

To the extent Plaintiff alleges vicarious liability by the school district for common law torts committed by school district employees and students for which a discriminatory motive is not asserted or cannot reasonably be inferred (i.e., intentional or negligent infliction of emotional distress), this court would not have subject matter jurisdiction to entertain such claims. There would be no federal question jurisdiction and clearly there is not diversity of citizenship between Plaintiff and the Defendant school district as both are Washington citizens. 28 U.S.C. Sections 1331 and 1332.

A Fed. R. Civ. P. 12(b)(6) dismissal is proper only where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In reviewing a 12(b)(6) motion, the court must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from such allegations. *Mendocino Environmental Center v. Mendocino County*, 14 F.3d 457, 460 (9th Cir. 1994); *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The complaint must be construed in the light most favorable to the plaintiff. *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). The sole issue raised by a 12(b)(6) motion is whether the facts pleaded, if established, would support a claim for relief; therefore, no matter how improbable those facts alleged are, they must be accepted as true for purposes of the motion. *Neitzke v. Williams*, 490 U.S. 319, 326-27, 109 S.Ct. 1827 (1989). The court need not, however, accept as true conclusory allegations or legal characterizations, nor need it accept unreasonable inferences or unwarranted deductions of fact. *In re Stac Electronics Securities Litigation*, 89 F.3d 1399, 1403 (9th Cir. 1996). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . ." *Bell Atlantic Corporation v.*

**ORDER OF DISMISSAL-      3**

1

2  *Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007).   The factual allegations

3  must allege a plausible claim.  *Ashcroft v. Iqbal*, _____ U.S. _____ , 129 S.Ct.

4  1937, 1951 (2009).

5         For the reasons set forth above, a Rule 12(b)(6) dismissal of this action is

6  warranted.  Plaintiff has already been given one opportunity to amend her

7  Complaint and a further opportunity is not warranted and would be futile,

8  particularly since Plaintiff was previously advised that vicarious liability could not

9  be asserted with regard to a Title VI claim, yet her First Amended Complaint

10  explicitly asserts such liability as the basis for her Title VI claim.

11         The captioned matter is **DISMISSED** with prejudice.  The court will not

12  entertain any motion for reconsideration.  Plaintiff may appeal this order to the

13  Ninth Circuit Court of Appeals, although this court hereby certifies that any appeal

14  taken from this "Order of Dismissal" is not taken in good faith.  28 U.S.C. Section

15  1915(a)(3).

16         **IT IS SO ORDERED**.  The District Executive shall enter judgment

17  accordingly and forward a copy of the judgment and this order to Plaintiff.

18         **DATED** this   15th    of February, 2011.

19

20                              *s/Lonny R. Suko*

21                       _____
                              LONNY R. SUKO
22                       Chief United States District Judge

23

24

25

26

27

28

**ORDER OF DISMISSAL-       4**